Good morning. May it please the court. Deputy Attorney General Carlos Dominguez on behalf of the warden. I'd like to reserve two minutes for rebuttal. The district court's judgment conditionally granting relief should be reversed for two reasons. First, there's no clearly established Supreme Court precedent requiring the defendant be advised of the maximum punishment when waiving counsel before trial. Second, even if this court finds that there is Supreme Court precedent requiring the defendant be advised of the maximum punishment a life term. In Ferretta v. California, the Supreme Court held that a defendant should be aware of the dangers and disadvantages before waiving counsel and that the decision to waive counsel should be made with his or her eyes wide open. That standard is general for a reason. The more general the standard, the more leeway courts have in applying it. The U.S. Supreme Court has continued to frame that question in general terms. Later in Patterson v. Illinois, the Supreme Court talked about a pragmatic approach to the waiver of counsel question. But in Tovar counsel, the Supreme Court did suggest that advisement on the range of punishments is required for a satisfactory Ferretta advisement. How do we understand range, except to mean low end to high end? That's correct. The Supreme Court did speak of range of possible punishments, but that explicitly applied to the guilty plea context. And the procedural differences between pleading guilty and waiving counsel and proceeding without counsel before trial are completely different. When pleading guilty, a defendant is ending the case. The court explicitly can correctly and incorrectly advise a defendant both of the minimum and the range of possible punishments. However, before trial, a defendant may be acquitted. I think the range of possible punishments before trial could easily be argued to be zero to life in this case. But that's not workable when a defendant waives counsel before trial. This court's decision in Arredondo v. Nevin, decided by the Ninth Circuit last year, actually supports our position. In that case, the court held a few things. First, it held that there was no clearly established Supreme Court precedent that a defendant be advised in a particular way. Second, it found that the waiver of counsel was valid because he was advised of the maximum punishment in that case, 20 years at the time of the waiver. Later, after the defendant was convicted, the prosecution charged enhancements, which increased that exposure to a life term. The Ninth Circuit held that the court did not need to advise a defendant as to enhancements not yet charged. In that case, any discussion of Tovar applying to the trial context was not necessary for the result. Therefore, this court does not need to follow that discussion in Arredondo. In any event, if this court finds that the California Court of Appeal decision is entitled to deference, there is no clearly established Supreme Court precedent requiring that a defendant be advised of the maximum punishment or even of the range. And here... Well, didn't our decision last year say just that, with regard at least to maximum punishment? I think at least to the maximum punishment, yes. So how is it you say there is no clearly established Supreme Court precedent? You may have argued with a decision last year, but it's there and it binds us. So isn't there, in fact, under the case law of this court, Supreme Court precedent that clearly establishes the requirement at least for the maximum range? Two things. I would argue that that discussion wasn't necessary to reach the result in that case. But we tend not to try to parse our decisions so closely. And if that, in fact, habeas relief wasn't granted, doesn't mean that the discussion wasn't there and doesn't bind us. Sure, Your Honor. And I guess the second point is here, the petitioner was clearly advised of the maximum punishment a life term. And on habeas, the petitioner has the burden to establish that his waiver was invalid. And here he was explicitly in the trial court, then it went backwards to tell him that he would spend the rest of his life in prison. And he was aware of the consequences, he understood them, and he decided to waive counsel and proceed representing himself. What's your response, counsel, to the appellee's argument that here, with the indeterminate sentencing scheme, the mandatory and the minimum were actually part of one sentence that a proper advisement had to advise as to the entire exposure? I think that the maximum here, clearly the maximum is a life sentence. Under California law, an indeterminate sentence, 25 years to life or 50 years to life, the maximum term is a life for parole. But there's no requirement that a trial court advise a defendant when he's going to be eligible for parole. I think that's not practical, that's not helpful to the courts. For them to guess whether somebody's going to get prison credits or when he's going to be eligible for parole is not a workable solution. At most, Arradondo, I think, requires that he be advised of the maximum punishment and not of the range here. And he was correctly advised as to the maximum punishment. And I think any reliance by petitioner on federal appeal cases, United States versus cases... Like Forrester. Yes. Those are not helpful because the burden in those cases is on the government. On collateral tax, the burden is on the petitioner to establish that the waiver wasn't valid. And also, they don't apply EDPA. Those cases, the standard to justify relief under EDPA is much greater than plain error review. And I think even Forrester or Erkstein in those cases, they focused on the maximum punishment. And there, the maximum punishment wasn't correct and the court found... I'm not sure that's quite so true for Forrester. Forrester, they got both ends of the range wrong. But the court commented on how the low end of the range could be of importance to the person at the time of waiving his rights. In this case, the Feretta rights. And couldn't we take from that the proposition that it's important for the defendant knowing what might lie ahead if he elects to go forward without counsel, would be interested in the low end as well as the high end? Like I said, those cases are, I think, the burdens on the government and they're not helpful for that reason. Here, he was correctly advised of the maximum punishment. And even at the lower end, the 50 years was... He was 34 years at the time of the hearing. And that conceivably could be arguably a life term also. I see my time is... Good morning. May I please the court. Michael Tanaka, Deputy Federal Public Defender, appearing on behalf of Petitioner Campbell. I'd like to get into what I think is a threshold issue, and that is whether it put deference applies at all in this case. It's pretty clear that the last decision by the highest court, the California Supreme Court, was a denial of this petition on a procedural ground. Therefore... Your client procedurally defends the Supreme Court defaulted? Potentially. I don't know. The state never raised that as an issue. So whether he is or isn't, the state has waived that defense. And I'm sure had the state raised that defense, they would be strenuously arguing that that Clark citation in the California Supreme Court's order bars review. And we don't look through that to some... And your client would be vigorously arguing to the contrary. But it is what it is. We've got in front of us a Supreme Court decision which both sides now apparently, a state Supreme Court decision, both sides apparently now recognize as procedural. Before that we have a court of appeal decision, and before that we have a superior court decision. Now at least the first one seems clearly founded on the merits, doesn't it? It does. So why don't we look through to that? I think this circus law is fairly clear that you don't look through when the later court has barred it on procedural grounds. That is, there's nothing to suggest that the Supreme Court's bar on procedural grounds wasn't an independent invocation and in no way adopts the last reason the superior court's decision. It doesn't reference it. There's nothing at all to suggest that it had that in mind at all when it denied the petition. As you know, California petitions on habeas practice, they come independently to the Supreme Court. The Supreme Court isn't reviewing a lower court ruling, so that decision is independent. And where it explicitly invokes a procedural bar, this court is not bound... So what would you point to? You say this court's... I'm not sure this court's case law is all that clear on this subject. What would you point me to? I'd point you to Walker at 131 Supreme Court 1124, which says order denying a petition without explanation or citation ordinarily ranks as a disposition on the merits, meaning that where there is a citation, it is obviously a procedural ground. But that doesn't refer all to the speak through problem. I mean, California has a unique habeas system and yet the Supreme Court's made clear that when you have the usual postcard denial, you go back and that's why most of our habeas cases are really discussing decisions of the court of appeal. In this case, we've got a court of appeal decision that's at least unclear or potentially ambiguous as to whether it's merits-based or procedural-based. But the original problem stands, which is that under Supreme Court precedent, U.S. Supreme Court precedent, we look through California Supreme Court postcard denials to go to the court of appeal. So the notion that the state Supreme Court has denied doesn't mean we can't, on potentially procedural grounds, doesn't mean we can't potentially look at the court of appeal. And your citation to Walker doesn't seem to me to answer that question. I think the look-through doctrine applies only when there's an unexplained order of the Supreme Court. So what I'm asking for, you told me that our precedent was such, and I'm trying to find out, what is it that says if the California Supreme Court denies on procedural grounds, it ends there and it's thereafter de novo, even if lower California courts denied on the merits? Well, in Chambers v. McDaniel, 549 F. 3rd at 1197, this court said, we noted in Harris that in cases where the California Supreme Court relied on procedural deficiencies as a basis for denying the petition, the court often included the language of denial, a citation of authority, which indicates the petition was procedurally deficient. So at least in Chambers, this court has noted that where there's a citation, it includes, it indicates the denial was on procedural grounds. But that still doesn't answer the question, which is, can you look through? Chambers apparently doesn't say, or you would have told me that it says, you can't look to the court of appeal decision after that. What says that we can't look to lower California's decisions? I couldn't find a case directly on that. I couldn't either. That's why I'm asking. But you read Yilt, which is the origin of the look-through doctrine, the rationale explains that you look through, again, only where there's an unexplained denial, where you don't know what the Supreme Court, the highest court is doing. Here we know, they told us exactly what they were doing, they were denying on procedural grounds. Be that as it may, let's move on. Let's assume for sake of argument, counsel, that we do look through to the superior court decision. Would you concede that that resolved the Feretta claim on the merits and therefore addressed the substance of the claim here? It's at least ambiguous, Your Honor. The court's language in denying it seemed to rule on that. The petition itself didn't raise the claim in the way that this is raised. It said it was not really a involuntary waiver of counsel claim, even though the superior court's order seemed to incorporate that. But the petition itself that was filed in superior court did not raise a Feretta waiver claim. Do we have an exhaustion problem? I believe the respondent has. No, because it was raised in the California Supreme Court, so it was exhausted. But not the minimum, not the question of advisement on the minimum. That was not exhausted. It's sort of a semantic trick is probably too strong a word, but the minimum, the maximum are all bound up in the same sentence in this case. That is, because it's an indeterminate sentence, it doesn't really have the minimum and the maximum are the same. That is, many years ago, all California sentencing was indeterminate. So if you did a robbery, you got a life sentence, which didn't mean that you were going to spend the rest of your life in here. That is the critical difference in this case. The advisement that the court gave Mr. Campbell led him to believe that there was a chance that he would get out of prison. In truth, there was no chance. If he was convicted on all counts, it was effectively a life without possibility parole sentence. But your first part has an if. If he was convicted on all counts, I mean, you're basically saying the worst case scenario is the life term. You're saying, well, it could have been less than that based on various ifs, but only based on various ifs. I mean, part of the problem at this stage is you don't know how the pieces are going to get added up because you don't know what all the pieces are. If he's told the worst case, why doesn't that tell him what he needs to know under Faretta? If he'd been told the worst case was life with no possibility of release, I'd have a much different argument. But he wasn't. We have to go back to what we're looking at here. We're looking at what does he know when he's giving up that most important right to counsel and going to trial on these charges. So he wants to know what he's facing. Here he's facing if convicted, and of course that's what we're not talking about prior enhancements or things like that. If convicted as charged, he had no possibility of ever being released, and that is in fact the case. That is wholly, qualitatively different than knowing that if convicted, I might be doing life in prison, but I have a chance of getting out. That is information that you want this person to have before he gives up his Sixth Amendment right. And the other aspect of that we haven't talked about at all is that it wasn't even the principal charge that was driving the sentence. It was the special allegation that was part of the charges that no one ever mentioned at the time he was waiving counsel. Well, our indendo, where ultimately relief was not granted, actually the worst case turned out to be worse than he was told because of the possibility of add-ons in that case. And yet that doesn't help you in this case, does it? If in fact it can get worse and yet no habeas relief is granted? No, it doesn't in that sense, but of course that's totally different because one, our indendo said that had this been just on a Sixth Amendment review, that might have been, the result might have been different. But more important, what it is, is that there's not, in that case, those weren't charged yet. Here, they were already charged. He knew, based on what was charged, or the court knew, what he was facing. All we're asking is that that be explained to him and the impact of that be explained to him. Thank you. Rebuttal. Thank you, Your Honor. Petitioner's claim has always been in state court and federal court that he wasn't advised to the maximum punishment. He can't expand his claim now and say he should have been advised the range or the minimum. Second, the deference to the trial court, he first raised his claim, the same claim he raised on federal habeas in the California Court of Appeal and the California Supreme Court. The Supreme Court denied it with a general citation to Clark and the California Court of Appeal denied it for failure to state sufficient facts or provide an adequate record. So your position is we shouldn't look through to the Superior Court? He didn't raise that claim, but the California Court of Appeal decision is a merits ruling entitled to deference. Under California law, a primatization case is established when a petitioner pleads sufficient facts assumed to be true that would entitle him to relief. Here, the California Court of Appeal found exactly the opposite. It found that petitioner had not pledged sufficient facts. What exactly did it say? It said a little more than that, didn't it? Sufficient facts or provide an adequate record. And that's the source of our problem because provide an adequate record suggests maybe there's merit in there someplace, but you didn't give us the pieces you needed. So that's more of a procedural default. But that's also a requirement under California law to establish a primatization case, find reasonable available documentary evidence, and attach it to your petition. So he failed on two fronts. He failed to plead sufficient facts and provide an adequate record. How do we know he failed on two fronts? There's an or in between, isn't there? So it could be one or the other. One or the other, but he failed to attach anything to that petition. So we know at least he failed one of the requirements under a primatization case in California. This court should not assume that the California Court of Appeal meant to cite Swain or Duvall. The California Supreme Court in Reno said that state courts know how to cite procedural bars, and they will cite to those procedural bars when they impose them. And the cases that petitioner relies on, Gaston, Kimby versus Villalobos, those cases have explicit citations to Swain or Duvall, which this court denial does not have. In a Swain or Duvall denial indicates that the facts that have been pled have not been pled with enough particularity. That's a curable defect. The court is essentially telling petitioner to go back, fix your petition, and we'll reconsider it. Those facts are either vague or conclusive. There's a defect in the facts. There's no indication that the California Court of Appeal meant to cite Swain or Duvall, and it didn't cite Swain or Duvall. And even if I may conclude, Your Honor, even if this court, even under DeNova review, petitioner has the burden to establish that his waiver was invalid, and here he was explicitly advised of the maximum punishment, a life term. Therefore, the district court's judgment should be reversed. Thank you. Thank you. Thank both counsel for your helpful arguments. Case just argued is submitted.
judges: Mueller, Fernandez, Clifton